This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO.  33,231**

**JOSE RAUL PALMA ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Gary K. King, Attorney General
Sri Mullis, Assistant Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    The State appeals from the district court's order suppressing test results from a blood draw taken from Defendant based on a lack of probable cause for arrest. This Court issued a calendar notice proposing summary affirmance. The State filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}    In our calendar notice, we proposed to hold that the State had not clearly demonstrated that the district court erred by not finding probable cause based on the testimony presented at the motion hearing. [CN 7, 10] We also proposed to hold that the district court did not err by refusing to consider the allegations in the criminal complaint in its determination of probable cause. [CN 7] The State's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, the State continues to argue that the district court erred by not finding probable cause under the circumstances of this case and that the district court erred by not considering Defendant's admission to drinking. [MIO 6-9]

{3}    Regarding probable cause, the State supplements its original argument that the officer had probable cause to arrest Defendant "based on the odor of alcohol" and "the

circumstances involving the multiple vehicle crash" [DS 5] by contending that "Defendant's failure to stop after striking the Ford pickup and decision to keep driving established his consciousness of guilt . . ." [MIO 8]. To the extent that the State is asking this Court to reach an inference that Defendant "attempted to flee" [MIO 9] based on the fact that he failed to stop after hitting the first vehicle and subsequently hit another vehicle [MIO 2-3], we note that it does not appear that this argument was presented to the district court for its consideration, nor did the district court make any findings with regard to fleeing or consciousness of guilt.

{4} However, even if we were to determine that such an inference of consciousness of guilt was reasonable from the circumstances of the accident itself, and that it would tilt the calculus in favor of finding probable cause for arrest, our standard of review prevents us from reaching such an inference where it would be contrary to the district court's ruling. *See State v. Jason L.*, 2000-NMSC-018, ¶¶ 10-11, 129 N.M. 119, 2 P.3d 856 (holding that in reviewing a district court's ruling on a motion to suppress, this Court draws all reasonable inferences in favor of the ruling and defers to the district court's findings of fact as long as they are supported by substantial evidence). We therefore decline to make such an inference in this case.

{5} Regarding the district court's refusal to consider Defendant's admission to drinking alcohol, the State contends that the district court erred in that it "purposefully

3

disregarded that evidence" even though it was offered in the State's proposed additional findings of fact and conclusions of law. [MIO 8-9] Although offered as a proposed finding of fact, the record is clear that testimony regarding Defendant's admission was not presented during the evidentiary hearing because the State objected to the admission of Defendant's statements on hearsay grounds. [DS 4; RP 117-118] Based on the State's objection, Defendant withdrew his question. [RP 117] The State did not elicit testimony from either officer regarding Defendant's statements [RP 118], nor did the State take advantage of its opportunity to present additional evidence. [RP 86] Instead, the State attempted to have Defendant's statement considered on the basis that it was alleged in the criminal complaint and the district court declined to do so. [RP 118] "When a [district] court rejects proposed findings of facts or conclusions of law, we assume that said facts were not supported by sufficient evidence." *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 44, 145 N.M. 769, 205 P.3d 816. The record in this case supports this assumption and the State has not convinced us otherwise. Therefore, the district court did not err in refusing to consider Defendant's admission to drinking in determining whether the officers had probable cause to arrest.

**{6}** We conclude that the State has not met its burden to clearly demonstrate that the district court erred in this case. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**